# GUSRAE KAPLAN NUSBAUM PLLC

ATTORNEYS AT LAW

| | | |
|---|---|---|
| RICHARD DEVITA | 120 WALL STREET – 25TH FLOOR | OF COUNSEL |
| TIMOTHY FEIL | NEW YORK, NEW YORK 10005 | ROBERT L. BLESSEY |
| SCOTT H. GOLDSTEIN | | |
| MARTIN H. KAPLAN | | |
| LAWRENCE G. NUSBAUM | 425 BROADHOLLOW ROAD | |
| KARI PARKS | SUITE 300 | |
| | MELVILLE, NEW YORK 11747 | |

TEL. (212) 269-1400
FAX (212) 809-4147

www.gusraekaplan.com

February 18, 2025

**VIA ECF**
The Honorable Jesse M. Furman
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1105
New York, New York 10007

      RE:    <u>Caplan et al. v. Dollinger et al.</u>, No. 1:24-cv-07996-JMF

Dear Judge Furman:

      This firm represents Plaintiffs[1] in the above-captioned action and writes to respectfully request that the Court allow Plaintiffs to file a second amended complaint ("**SAC**"), whose only changes to the "**Amended Complaint**" are adding (a) an additional plaintiff, Thomas Schwan, and (b) Mr. Schwan's alleged damages, which would increase Plaintiffs' alleged (i) contract damages from $350,000 to $650,000 and (ii) treble damages from $1.95 million to $2.6 million. See Exhibit A, SAC Redline at 1, 32, ¶¶ 1, 3, 29, 36, 223, 226, 229, 231; <u>see also generally</u> Exhibit B, SAC Clean. Defendants oppose this motion.

---

[1] "**Plaintiffs**" are Ivan Caplan, John Darger, Matthew George, Ralph G. Potente, Robert G. Riviere, Mary W. Riviere, Melissa Roth, Peter Turkl and, if the Court allows Plaintiffs to file the proposed SAC, Thomas Schwan. "**Defendants**" are Sean Dollinger, Lorne Rapkin, Alexandra "Alex" Hoffman, Kumar Abhishek, Shariq Khan, Julia J. Frank, "**PlantX**" Life Inc., "**Veg House**" Holdings Inc., Dollinger Holdings LLC, LQR House Inc., South Doll Limited Partnership, 1347608 B.C. Limited Corp., Cay Innovations Ltd., PlantX Midwest Inc., Veg House Illinois Inc., PlantX Living Inc., Vegaste Technologies US Corp., Little West LLC, Plant-Based Deli LLC, WS West LLC, Veg House Holdings GP Inc., and New Deli Hillcrest LLC.

GUSRAE KAPLAN NUSBAUM PLLC

The Honorable Jesse M. Furman
February 18, 2025
Page 2

After a plaintiff has amended its pleading once, it may again amend its pleading by securing either (a) "the opposing party's written consent" or (b) "the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. Therefore, Second Circuit courts grant motions to amend unless the opposing party shows "undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." Richardson Greenshields Secs., Inc. v. Lau, 825 F.2d 647, n.6 (2d Cir. 1987) (quoting State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)). Because "mere delay" is never enough to deny a Rule 15(a)(2) motion, Second Circuit courts regularly allow amended complaints even years the case begins. Id. (collecting cases); see also, e.g., State Teachers, 654 F.2d at 845–46 (amendment allowed after three-year interval); Green v. Wolf Corp., 50 F.R.D. 220, 223 (S.D.N.Y. 1970) (four years).

Allowing Plaintiffs to proceed on the SAC would further justice because this case is in its earliest stages, the SAC does not cause any Defendant any prejudice, and allowing Mr. Schwan to proceed in this case would eliminate the public burden that would result from requiring him to initiate his own, separate action. Indeed, Defendants have not yet even answered or moved to dismiss the Amended Complaint. See generally Dkt. And per the Parties' agreed-upon, and the Court's so-ordered, briefing schedule, Defendants' Rule 12(b) motions are not due until March 7, 2025—17 days from today, and 23 days after Plaintiffs first sent their redlined proposed SAC to Defendants' counsel.

Nevertheless, Defendants responded to Plaintiffs' request for their position on this motion by writing:

> Defendants Position on Amendment: Defendants and their counsel ordinarily would not oppose amendment at this stage in litigation. However, given the nature of the proposed filing, Defendants do not consent to Plaintiffs filing their proposed Second Amended Petition. This action is for the alleged failure by Defendant PlantX[] to repurchase shares of Veg House[], which shares allegedly were purchased by Plaintiffs pursuant to share purchase agreements ("**SPAs**") with PlantX. Plaintiffs allege that the shares were not repurchased by PlantX from them as required under the SPAs. Plaintiffs and their counsel, however, are not content to only assert any good faith claims that they may have against PlantX and / or Veg House. Plaintiffs instead assert multiple claims that Defendants and their counsel respectfully believe are baseless and brought in bad faith, including civil claims under RICO (Counts I and II). Defendants and their counsel believe that the proposed [SAC], like the current operative complaint, lacks any good faith basis for such claims, and

GUSRAE KAPLAN NUSBAUM PLLC

The Honorable Jesse M. Furman
February 18, 2025
Page 3

> also that it is woefully deficient in its pleading specificity. Plaintiffs generally identify entities that allegedly are owned or controlled by Sean Dollinger and generally allege that amounts allegedly provided to PlantX somehow benefited Mr. Dollinger and those companies. Plaintiffs, however, fail to allege how or when such individuals and entities were allegedly benefitted. Defendants also allege in general terms that Mr. Dollinger and the entities allegedly associated with him have engaged in similar conduct in the past. Further, while the SPAs themselves were between PlantX and Plaintiffs, Plaintiffs name several Defendants in their breach of contract claim (Count V). When required to respond, Defendants plan to both move to dismiss and issue a Rule 11 letter to Plaintiff's counsel. During the parties' meet and confer, Defendants' counsel noted that they would consent to amendment, and specifically to allow Plaintiffs to plead with greater specificity, but only to the extent that any civil RICO claims are removed and/or pled with the requisite specificity. The proposed complaint does neither, but rather seeks to add an additional party to a complaint that Defendants and their counsel believe is brought in bad faith.

Exhibit C at 1–2.

Defendants' preview of their dismissal arguments falls far short of proving that allowing Plaintiffs to proceed on the SAC would prejudice Defendants, particularly since the SAC's only changes are irrelevant to Defendants' dismissal arguments. Even if the SAC's proposed amendments were relevant to Defendants' anticipated 12(b)(6) motion, Plaintiffs served the proposed SAC 23 days before Defendants' dismissal motion deadline—two more days than Rule 12(a)(1)(A)'s presumptive deadline—allowing Defendants plenty of time to incorporate the new allegations without requiring the parties to extend any Rule 12 briefing deadlines.

Moreover, Defendants' own dilatory behavior undermines their conclusory insults of "bad faith." Cf. McLeod v. Verizon New York, Inc., 995 F. Supp. 2d 134, 145 (E.D.N.Y. 2014) (quoting Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 333 (2d Cir. 1999) ("The Second Circuit has cautioned that Rule 11 sanctions should be 'made with restraint.'"); Ass'n of Holocaust Victims v. Bank Austria Creditanstalt AG, No. 04 3600 (SWK), 2005 WL 2001888, at *3 (S.D.N.Y. Aug. 19, 2005) ("In fashioning a [Rule 11] sanctions order," courts should consider, inter alia, whether the allegedly-sanctionable filing "was part of a pattern of activity, or an isolated event," "whether it infected the entire pleading, or only one particular count or defense," and "what effect it had on the litigation process in either time or expense").

GUSRAE KAPLAN NUSBAUM PLLC

The Honorable Jesse M. Furman
February 18, 2025
Page 4

      Although Plaintiffs initiated this case in October 2024 and served all Defendants with the Amended Complaint and "**TRO Motion**" papers in early November 2024, each and every Defendant failed to timely answer the Amended Complaint, oppose the TRO Motion, or otherwise appear in the case. See generally Dkts. 1, 6–45. In December 2024, Plaintiffs sought and received s Clerk's Certificate of Default against all Defendants. Dkt. 50 (Dec. 18, 2024). The Court ordered Defendants to file any opposition to Plaintiffs' default judgment motion no later than January 28, 2025. Dkt. 59 (Jan. 8, 2025). Defendants waited until that very last day to do so. See Dkt. 67, Defendants' Motion to Vacate Clerk's Certificate of Default (Jan. 28, 2025).

      And while Defendants' counsel filed what they titled "Limited Notice of Appearance" that "expressly oppose personal jurisdiction and proper service," Defendants' sole declaration in opposition to Plaintiffs' default motion did not claim that Defendants had failed to be served or lacked actual notice of this litigation; instead, Defendant Dollinger affirmed that "my co-defendants and I spent the better part of two months trying to find defense counsel" and that "[t]his process was slowed by the Thanksgiving, Christmas, and New Year's holidays in the United States, and by the fact that my co-defendants live in various states and countries." Dkt. 63, Limited Notice of Appearance of Samuel L. Blatnick at 1 (Jan. 28, 2025); Dkt. 64, Limited Notice of Appearance of Anne Melton at 1 (Jan. 28, 2025); Dkt. 66, Declaration of Sean Dollinger ¶¶ 4–5 (Jan. 28, 2025); but cf. 28 U.S.C. § 1927 ("Any attorney [ . . . ] who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

      Plaintiffs' proposed SAC causes Defendants no incremental burden besides Defendants' own self-imposed opposition to this motion. Therefore, Plaintiffs respectfully request that the Court grant this Rule 15(a)(2) motion and allow Plaintiffs to proceed on the proposed SAC.

                              Respectfully submitted,

                              /s/ Kari Parks
                              Kari Parks

CC: All counsel of record (via ECF)

Enclosures

The Court agrees that the proposed amendment does not cause Defendants any incremental burden and avoids the inefficiency of an unnecessary second lawsuit. Accordingly, the application is GRANTED. The Clerk of Court is directed to terminate ECF No. 71.

                              SO ORDERED.

                              February 19, 2025