# GUSRAE KAPLAN NUSBAUM PLLC

ATTORNEYS AT LAW

| | | |
|---|---|---|
| RICHARD DEVITA | 120 WALL STREET – 25TH FLOOR | OF COUNSEL |
| TIMOTHY FEIL | NEW YORK, NEW YORK 10005 | ROBERT L. BLESSEY |
| SCOTT H. GOLDSTEIN | | |
| MARTIN H. KAPLAN | | |
| LAWRENCE G. NUSBAUM | 425 BROADHOLLOW ROAD | |
| KARI PARKS | SUITE 300 | |
| | MELVILLE, NEW YORK 11747 | |

TEL. (212) 269-1400
FAX  (212) 809-4147

www.gusraekaplan.com

June 4, 2025

**VIA ECF**
The Honorable Jesse M. Furman
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
Courtroom 1105
40 Foley Square
New York, NY 10007

  RE: <u>Caplan et al. v. Dollinger et al.</u>, 1:24-cv-07996

Dear Judge Furman:

  I represent "**Plaintiffs**" in the above-captioned "**Action**" and write to respectfully request that the Court (a) issue a ruling on Plaintiffs' November 4, 2024 "**Preliminary Relief Motion**" and (b) so-order the enclosed Proposed Civil Case Management Plan and Scheduling Order.

  We seek Your Honor's intervention in hopes that it will move this Action forward: the Preliminary Relief Motion and discovery are nearly half a year delayed, since "**Defendants**" did not appear in this Action until five months after they were served (and on the last possible day to avoid a default judgment) and did not file their Preliminary Relief Motion opposition papers until six more weeks after they appeared. <u>See generally</u> Dkt. 59, Order Scheduling Default Judgment Briefing and Show Cause Hearing (Jan. 8, 2025) (ordering Defendants to file any opposition to the default judgment motion by January 28, 2025); Dkt. 61–67 (Jan. 28, 2025) (Defendants' counsel appear in Action, oppose default judgment motion, and move to vacate Clerk's Certificate of Default).

GUSRAE KAPLAN NUSBAUM PLLC

The Honorable Jesse M. Furman
June 4, 2025
Page 2

Plaintiffs initiated this Action on October 21, 2024, filed an Amended Complaint on November 1, 2024, and moved by order to show cause for temporary restraining order ("**TRO**"), preliminary injunction, and attachment on November 4, 2024 (the "**Preliminary Relief Motion**"). See generally Dkt. 1, Compl. (Oct. 21, 2024); Dkt. 6, Am. Compl. (Nov. 1, 2024); Dkt. 8, Emergency Mot. for Order to Show Cause for TRO, Preliminary Injunction, and Attachment (Nov. 4, 2024). On February 18, 2025, Plaintiffs moved the Court for leave to add a plaintiff and annexed with its motion a Second Amended Complaint ("**SAC**") reflecting this addition. See generally Dkt. 71, Mot. to Add Pl. (Feb. 18, 2025); Dkt. 71-2, SAC (Feb. 18, 2025). The following day, the Court granted this motion, rendering the SAC the operative pleading in this Action. See Dkt. 72, Order Granting Mot. to Add Pl. at 4 (Feb. 19, 2025).

On November 6, 2024, the Court issued an "**Order**" declining to resolve the Preliminary Relief Motion on an *ex parte* basis and ordering Defendants to file any opposition no later than three weeks after service of the summons, complaint, Motion, and Order. Dkt. 12 (Nov. 6, 2024). Although Defendants failed to timely appear in the case or oppose the Preliminary Relief Motion, three days after Defendants did appear, the Parties filed a joint letter proposing a briefing schedule for the remaining Preliminary Relief Motion papers and Defendants' anticipated Rule 12 motion. Dkt. 69 (Jan. 31, 2025). The Parties finished briefing the Preliminary Relief Motion on April 17, 2025. See generally Dkt. 81, Omnibus Brief in Support of Preliminary Relief Motion and in Opposition to Rule 12 Motion (Apr. 17, 2025).

Pursuant to functionally-identical January 2024 Share Purchase Agreements ("**SPAs**"), Plaintiffs bought 650,000 shares of Defendant "**Veg**" House Holdings Inc.'s shares from Defendant "**PlantX**" Life Inc. SAC ¶¶ 3–4. Each of those SPAs was signed by Defendant Lorne Rapkin as PlantX's "Chief Executive Officer" and Defendant Alex Hoffman as Veg's "Chief Executive Officer," though next to those signatures, PlantX's "Address for Notice" was with "[a]ttention" to Defendant Dollinger at "6800 Indian Creek Dr. Suite 1E Miami Beach, Florida 33141" and by email to sean@plantx.com. Id. ¶¶ 4–6, 37. Public records showed that address was a residential condominium, not a commercial suite. Id. ¶¶ 45–47. And in serving this Action's papers, Plaintiffs learned that Mr. Dollinger and Ms. Hoffman not only run a number of the entity Defendants together, but also cohabitate in that Miami condo. See Dkt. 82, Parks Dec. in Support of Preliminary Relief Motion and in Opposition to Rule 12 Motion ¶ 7 (Apr. 17, 2025).

The January 2024 SPAs promised that if Veg failed to list on Nasdaq by May 2024, PlantX would "repurchase" the Veg shares from. Plaintiffs for the same price they had paid—$650,000—and therefore refund Plaintiffs' investments in their entirety. See SAC

GUSRAE KAPLAN NUSBAUM PLLC

The Honorable Jesse M. Furman
June 4, 2025
Page 3

¶ 218; see also SPAs § 2.4. Plaintiffs never got their refunds, and after six months of delays and excuses from Mr. Dollinger and his associates, filed this Action. See generally Dkt. 1, Compl. (Oct. 21, 2024).

      Plaintiffs moved for TRO, preliminary injunction, and attachment because (a) Defendants long ago conceded PlantX's $650,000 liability and (b) publicly-available facts and Mr. Dollinger's own communications with undersigned counsel strongly suggested that Entity Defendants were insolvent or nearly-insolvent and all Defendants were actively working to move any recoverable assets outside of the United States. See generally Dkt. 9, Preliminary Relief Motion Br. (Nov. 4, 2024); see also, e.g., Fed. R. Civ. P. 64 (authorizing federal court to issue any forum state-authorized preliminary remedy "to secure satisfaction of the potential judgment"); Fed. R. Civ. P. 65 (federal injunctions and restraining orders); In re Feit & Drexler, Inc., 760 F.2d 406, 415 (2d Cir. 1985) (affirming preliminary orders restraining defendant from transferring or disposing of property, holding that the district court's "findings and conclusions amply satisfied both the [Rule 64] state test and this Circuit's test for the granting of [Rule 65] preliminary injunctions"); Koehler v. Bank of Bermuda Ltd., 12 N.Y.3d 533, 538 (2009) (New York state and federal courts "frequently use[]" prejudgment attachment when the plaintiff "suspects" that the defendant "is secreting property or removing it from New York" and / or cannot serve the defendant, "despite diligent efforts").

      On April 23 and 25, 2025—nearly four months after Defendants appeared—Plaintiffs served their discovery requests, to which Defendants objected, claiming that the parties had never conducted a Rule 26(f) conference. While Plaintiffs disagreed with Defendants' recollection, as a compromise, the parties explicitly conducted a Rule 26(f) conference on Monday, June 2, at which they agreed to the enclosed proposed case management plan. Defendants agreed that Plaintiffs would file the proposed plan but indicated their intention to move to stay discovery in its entirety while Defendants' Rule 12 motion is pending. But see, e.g., Republic of Turkey v. Christie's, Inc., 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (Aaron, M.J.) (quoting Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (Gorenstein, M.J.)) (holding that defendant Turkey's arguments that it had "shown substantial arguments for dismissal" of an amended complaint that contained "spurious and scandalous" allegations fell short of meeting its burden to show good cause for stay of discovery; "'Discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed.'"); see also 15 U.S.C. § 78u-4(a)(3)(B) (district court's finding that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice" trumps PSRLA's automatic discovery stay).

GUSRAE KAPLAN NUSBAUM PLLC

The Honorable Jesse M. Furman
June 4, 2025
Page 4

    Thank you for considering Plaintiffs' requests that the Court issue an order on the Preliminary Relief Motion and so-order the parties' proposed case management plan.

                        Respectfully submitted,

                        /s/ Kari Parks
                        Kari Parks

CC: All counsel of record (via ECF)

Enclsoure

> The motions for a preliminary injunction and to dismiss are under advisement; the Court hopes and expects to issue a ruling on the motions in the near future. In the meantime (albeit without intimating a view on the merits of either motion), the Court agrees with Defendants that discovery should not proceed. Accordingly, discovery is stayed pending further order of the Court. The Clerk of Court is directed to terminate ECF No. 85.
>
>                       SO ORDERED.
>
>                       June 6, 2025