**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IVAN CAPLAN, *et al.*,<br><br>            Plaintiffs,<br><br>    -against-<br><br><br><br>PLANTX LIFE, INC., *et al.*,<br><br>           Defendants. | Case No.: 24-cv-7996 (JMF)<br><br><br>**STIPULATION AND**<br>**PROTECTIVE ORDER** |

WHEREAS, Plaintiffs Ivan Caplan, John Darger, Matthew George, Ralph G. Potente, Robert G. Riviere, Mary W. Riviere, Melissa Roth, Thomas Schwan, and Peter Turkl (the "Plaintiffs") and Defendants PlantX Life, Inc. and Sean Dollinger (the "Defendants") (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in the above-captioned action (the "Action");

WHEREAS, the Parties are proceeding through counsel and consent to the following terms;

WHEREAS, the Court finds that good cause exists for the issuance of an appropriately tailored confidentiality order governing the discovery phase of this Action;

IT IS HEREBY ORDERED that any person subject to this Stipulation and Protective Order (the "Protective Order")—including, but not limited to, the Parties to this Action, their representatives, agents, experts, and consultants, third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order— shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any information or material of any kind produced or disclosed pursuant to and in the course of discovery in this Action ("Discovery Material") that is designated as "Confidential" pursuant to the terms of this Protective Order ("Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The individual or entity producing any given Discovery Material (the "Producing Party") or their counsel may designate such material as Confidential, in whole or in part, only if counsel determines reasonably and in good faith that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive and non-public financial or business information; that is of a personal or intimate nature regarding any individual; or that is subject to a contractual or other duty of confidentiality owed by the client to a third party.

3.       With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or that Party's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with the legibility or audibility of the Discovery Material.

4.       With respect to deposition transcripts and exhibits, a Producing Party or that Party's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 14 days after the deposition transcript has been received, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the Producing Party or that Party's counsel, or by the reporter. During the aforementioned 14-day period following receipt of a deposition transcript, the entire deposition transcript and exhibits will be treated as if it had been designated Confidential.

5.       If at any time prior to the trial of this Action, a Producing Party realizes that some portion(s) of Discovery Material that it previously had produced without limitation should be designated as Confidential, such Producing Party may so designate such material by so apprising all prior recipients in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as Confidential under the terms of this Protective Order.

6.       No person or entity (together, "Person") subject to this Protective Order other than the Producing Party shall disclose any of the Discovery Material designated by the Producing Party as Confidential to any other person whomsoever, except to:

a.       the Parties to this Action, their insurers, and counsel to their insurers;

b.       counsel for the Parties, including in-house counsel, and any paralegal, clerical or other assistant employed by such counsel and assigned to this Action;

c.       outside vendors or service providers (e.g., copy-service providers and document-management consultants, graphic production services, or other litigation support services) that counsel hire and assign to this Action, including computer service personnel performing duties in relation to a computerized litigation system;

d.       any mediator or arbitrator engaged by the Parties or appointed by the Court in this Action who has executed the Non-Disclosure Agreement in the form annexed as an Exhibit hereto or otherwise consented to maintain the confidential aspects of this Action;

e.       as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

f.       any witness who counsel for a Party in good faith believes may be called to

2

testify at trial or deposition in this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

g.      any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this Action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

h.      stenographers engaged to transcribe depositions conducted in this Action; and

i.      this Court, including any appellate court, and the court reporters and support personnel for the same;

7.      Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with Section 3(D) of Judge Furman's Individual Practices in Civil Cases.

8.      Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with Section 3(D) of Judge Furman's Individual Practices in Civil Cases.

9.      Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this Action, and specifically—and by way of example and not limitation— may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this Action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this Action.

10.      Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the Producing Party before disclosure and as soon as reasonably possible, and at least 10 days before any disclosure. This notice is intended to enable the Producing Party to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

11.      All Persons seeking to file redacted documents or documents under seal with the Court in connection with dispositive and non-dispositive matters, shall follow Section 7 of Judge Furman's Individual Practices in Civil Cases as well as the applicable provisions of the Federal Rules of Civil Procedure and rules and standing orders of the U.S. District Court for the Southern District of New York. The Parties shall use their best efforts to minimize such sealing.

12.     All Persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

13.     Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing ("ECF") system, that redacts only the Confidential Discovery Material itself.

14.     Each Person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

15.     Any Personally Identifying Information ("PII") (e.g., social security numbers, finance account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the Person receiving PII experiences a data breach, that Person immediately shall notify the Producing Party of the same and cooperate with the Producing Party to address and remedy the breach. Nothing herein shall preclude the Producing Party from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

16.     This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this Action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the Producing Party, or, upon permission of the Producing Party, destroyed.

17.     All Persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all Persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED:

Dated: November 25, 2025

**LUCOSKY BROOKMAN LLP**

*/s/ Samuel L. Blatnick*
Samuel L. Blatnick
7300 W 110th Street, Suite 700
Overland Park, Kansas 66210
(913) 392-850
sblatnick@lucbro.com

Anne Melton
111 Broadway, Suite 807

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

4

New York, New York 10006
(732) 395-4409
amelton@lucbro.com

***ATTORNEYS FOR DEFENDANTS***

**GUSRAE KAPLAN NUSBAUM PLLC**

*/s/ Kari Parks*
Kari Parks
Timothy Curtis
120 Wall Street, 25th Floor
New York, New York 10005
(212) 269-1400
kparks@gusraekaplan.com
tcurtis@gusraekaplan.com

***ATTORNEYS FOR PLAINTIFFS***

SO ORDERED:

Jesse M. Furman
United States District Judge
December 1, 2025

5

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IVAN CAPLAN, *et al.*,<br><br>                Plaintiffs,<br><br>    -against-<br><br><br>PLANTX LIFE, INC., *et al.*,<br><br>                Defendants. | Case No.: 24-cv-7996 (JMF)<br><br><br>**NON-DISCLOSURE**<br>**AGREEMENT** |

       I, _____, acknowledge that I have read and understand the Stipulation and Protective Order (the "<u>Protective Order</u>") in the above-captioned action (the "<u>Action</u>") governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to any other person; that I will not use such Confidential Discovery Material other than for purposes of this litigation; and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                                    _____