

LUCOSKY BROOKMAN LLP

101 Wood Avenue South
5th Floor
Woodbridge, NJ 08830

T – (732) 395-4400
F – (732) 395-4401

111 Broadway
Suite 807
New York, NY 10006

T – (212) 417-8160
F – (212) 417-8161

www.lucbro.com

April 11, 2026

**VIA ELECTRONIC FILING**
Hon. Jesse M. Furman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 24B
New York, NY 10007

Re: *Caplan, et al. v. PlantX Life, Inc. and Sean Dollinger* Case no. 1:24-cv-07996

Dear Judge Furman:

Lucosky Brookman LLP ("Lucosky Brookman") represents Defendants PlantX Life, Inc. and Sean Dollinger in the above-referenced action ("Defendants"). Defendants respectfully submit this letter motion for the below requested relief.

Activity Between March 31, 2026 and April 10, 2026

*Defendants' Depositions and Document Productions*

Since this Court's conference and Order on Tuesday, March 31st, the outstanding depositions have been conducted (except for the deposition of one plaintiff, as explained further below). Defendants have additionally produced what Lucosky Brookman understands to be thousands of pages of additional documentation over the last two weeks. Defendants' objections to multiple Requests for Production still remain, and Plaintiffs' counsel has still not attempted to meet and confer to resolve any of these disputes.

*Plaintiffs' Depositions and Document Productions*

Plaintiffs have not produced any additional discovery beyond 46 documents produced in response to Defendants' Requests for Production. To date, Defendants have received zero email communications from the nine Plaintiffs relating to their investment and this matter. As Plaintiffs' depositions made apparent, there were at least some email communications, including DocuSign communications and transmissions between EF Hutton and D. Boral – the placement agent for the transaction at issue in this dispute – which Plaintiffs received via email. One Plaintiff testified that he received an email with instructions regarding the Share Purchase Agreement at issue and perhaps other emails from EF Hutton / D. Boral as well, but that he lost all of them due to a computer virus. The fact of this lost evidence was never disclosed to Lucosky Brookman. It is curious that one Plaintiff testified that he communicated via email with EF Hutton / D. Boral, but that none of the other Plaintiffs had done so.

Lucosky Brookman requested any and all additional documents and communications that were not previously provided.  Plaintiffs' counsel stated that they requested documentation from EF Hutton / D. Boral, but had yet to receive anything.  Other than third-party subpoenaed documents which Lucosky Brookman just received from Plaintiffs' counsel yesterday, Defendants have received no additional documentation from Plaintiffs since the initial production several months ago.

Plaintiffs' depositions took place on Wednesday, April 8, Thursday, April 9, and Friday, April 10.  This scheduling was coordinated by Plaintiffs' counsel.  Lucosky Brookman provided full and unlimited availability.  However, Plaintiff John Darger's deposition still remains outstanding.  Plaintiffs' counsel simply stated yesterday that they did not receive confirmation from Mr. Darger.  No further attempt to reschedule was offered nor undertaken by Plaintiffs' counsel.

*Inability to Meet and Confer*

On April 9, Lucosky Brookman requested to confer with Plaintiff's counsel on April 10, but Plaintiffs' counsel indicated they were not available.  See Attached Certification of Matthew Ross pursuant to FRCP 37(a)(1).

*Additional Considerations*

Below are additional points for the Court's consideration regarding what Defendants believe to be Plaintiffs' non-compliance with their discovery obligations.

- Multiple Plaintiffs were late (5-15 minutes) to their one-hour depositions.
- Multiple Plaintiffs took their depositions from their cell phones.
- One Plaintiff took his deposition from his cell phone in his car.
- Multiple Plaintiffs did not know or could not recall basic questions about the investments at issue in this action.
- Nearly all of the Plaintiffs acknowledged that they had not prepared themselves for their depositions other than a brief phone call with counsel.
- Plaintiffs' counsel lodged multiple objections without any apparent evidentiary basis, several times objecting before Lucosky Brookman even had an opportunity to finish the question.  Unless specifically asked by Lucosky Brookman, Plaintiffs' counsel did not provide any reason for his objections.

Requested Relief

While recognizing that discovery on this matter closed as of April 10, 2026, Defendants nonetheless request that the Court compel Plaintiffs' production of all outstanding discovery, as well as the completion of the deposition of Mr. Darger.  Defendants will not improperly request at this time sanctions or adverse inferences unless and until Plaintiffs are ordered to cure these deficiencies and subsequently fail to do so.

Defendants thank the Court for its time and consideration.

Respectfully submitted,

*/s/ Matthew Ross*
Matthew Ross
Lucosky Brookman LLP
mross@lucbro.com


Application DENIED.  In light of Plaintiffs' response, see ECF No. 136, the Court concludes that Defendants did not comply in good faith with the meet-and-confer requirement and, in any event, that there is nothing to compel.  The Court intimates no views on the issues surrounding Defendants' productions referenced at the end of Plaintiffs' response.

The Clerk of Court is directed to terminate ECF No. 131.

SO ORDERED.

April 16, 2026